### THERMO–PLASTICS CORPORATION v. INTERNATIONAL PULVERIZING CORPORATION.

Civil Action No. C–1482.

District Court, D. New Jersey.

Nov. 28, 1941.

Louis B. LeDuc, of Camden, N. J., for defendant and the motion.

Herbert J. Koehler, of Camden, N. J., and George A. Smith and F. Gilman Spencer, both of Philadelphia, Pa., for plaintiff, opposed.

AVIS, District Judge.

On April 9, 1941, plaintiff filed its complaint against the defendant. Generally stated, it is alleged therein that defendant was the owner of two certain United States patents; that plaintiff manufactured certain mills for the grinding and pulverizing of materials and has used and leased same; that said mills of plaintiff do not infringe any valid claims of defendant's patents; that all of the claims of the defendant's "Andrews" patent are void by reason of prior patents covering the same construction, and the same or similar charge applying to the so-called "Hobbie" patent; that the Andrews patent is invalid because the patent was the invention of another person, to wit, one Walter Willoughby; that all of the claims of the Andrews patent are invalid and void because of deception in the description and specifications filed; that the claims of the Hobbie patent are invalid and void because of deception in the description and specifications; that the claims of the Andrews and Hobbie patents are invalid and void because the alleged inventions were not fully shown and described so as to enable any one to practice the same.

Unfair competition is charged, and further that defendant, through its officers and employees, has made and is continuing to make charges to lessees of plaintiff's mills that such mills constitute infringement of the Andrews and Hobbie patents; that plaintiff has protested to defendant and requested defendant to cease and desist from making such charges of infringement, but that defendant will not cease making such charges; that it, defendant, has no present intention of bringing suit for infringement, and that it will only bring such suit when plaintiff's mills are used by some lessee from whom a recovery of substantial damages may be obtained.

It is further alleged that defendant has no actual intention of bringing suit and intends to prevent lessees, prospective lessees or purchasers from using or purchasing the same.

Plaintiff asks for a declaratory judgment that defendant's claimed patents are invalid, and that defendant's patents are not infringed by the mills of plaintiff.

Defendant has moved to strike the complaint, but desires to present and has presented proofs by affidavit to sustain said motion. The Court has determined that proofs may not be used on this motion in accordance with Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and all parties have agreed that the offer of defendant shall be considered as a motion for summary judgment, and that to determine this question all affi-

davits presented by plaintiff and defendant may be used as proofs for that purpose.

■ The charges of the complaint are sufficient to sustain the jurisdiction, but the facts submitted by affidavits present a very narrow question.

The law on this subject appears to be stated quite clearly in the case of Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 241, 242, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. On page 242 of 300 U. S., on page 464 of 57 S.Ct., the opinion shows the necessity for an actual controversy: "Prior to this suit, the parties had taken adverse positions with respect to their existing obligations. Their contentions concerned the disability benefits which were to be payable upon prescribed conditions."

■ Judge Clark, speaking for the Third Circuit Court of Appeals in the case of Treemond Co. v. Schering Corporation, 122 F.2d 702, said in an opinion filed September 3, 1941, and which involved a patent case: "There can be no doubt that an 'actual controversy' does not exist until the patentee makes some claim that his patent is being infringed." 122 F.2d 705.

This same principle is recognized in the case of Alfred Hofmann, Inc., v. Knitting Machines Corp. & Kalio, Inc., 3 Cir., 123 F.2d 458, in which Judge Biggs wrote the opinion filed November 4, 1941.

So that, the question is—Is there an "actual controversy" in the instant case; that is, has the patentee under the proofs submitted made some claim that its patent is being infringed?

The affidavit presented, executed by A. Matlack Stackhouse, president of defendant company, denies that any charge or claim has been made to plaintiff or to any one alleging that the apparatus manufactured or intended to be manufactured by plaintiff infringes any patent owned or used by defendant.

It does appear that he used the telephone to talk to Mr. Scowe, who was using some sort of pulverizing machine manufactured for or by plaintiff, and marketed, leased or rented by it. Mr. Stackhouse stated that he sent to Scowe a copy of defendant's patent, but denies that he challenged the machine being used by Scowe as being an infringement. As a matter of fact, he stated that he had never seen the apparatus used by Scowe or any other mill of plaintiff's manufacture.

The answering affidavit of N. D. Scowe asserts that Stackhouse called him on the long distance phone (this method of establishing contact being admitted) asking him to confirm whether or not he was using a grinding mill; Mr. Scowe advised Mr. Stackhouse that he was using a grinding mill of plaintiff's. The affidavit then proceeds that he and Mr. Stackhouse had a discussion "the exact wording of which deponent does not recall, but which discussion resulted in an understanding by deponent that if he continued to operate said grinding mill leased from Thermo-Plastics Corporation he would be subjected to an action for patent infringement by International Pulverizing Corporation".

The affidavit also states that Mr. Stackhouse was to send him a copy of the Andrews patent "which deponent understood was the patent he would be considered as infringing, since deponent saw no other reason why such patent should be sent to him".

The affidavit then goes on to state that Scowe communicated with George F. Gibbs, Jr., secretary and treasurer of plaintiff company, and apparently demanded assurance that he, Scowe, should be indemnified for damages if any suit were brought against him.

The affidavit of Mr. Gibbs was submitted and shows that Scowe communicated with him and advised him of the facts contained in the Scowe affidavit.

■ Certainly no holder of a patent should be put to the expense of defending a suit by another person or sundry persons under the Declaratory Judgment Act, 28 U.S.C.A. § 400, unless that person or persons is or may be damaged by affirmative acts of the patent holder. A holder of a patent has a right to investigate and inquire with relation to other devices of a nature similar to those he or it is manufacturing, and such investigation or inquiry does not seem improper nor does it contain a threat of infringement. The answering affidavit of Mr. Scowe states that he cannot recall what was said, but he had an "understanding" and from the conversation he "understood". Nothing in Mr. Scowe's affidavit is of testimonial value. It is apparent that an effort is being made to call the defendant into court without proper proof of a statement amounting to a charge of infringement.

In the case of Treemond Co. v. Schering Corporation, 3 Cir., 122 F.2d 702, supra,

Judge Clark, quoting from Borchard, Declaratory Judgments, 2d Ed.1941, 807, said: "And yet, it seems best to limit declaratory relief for the infringer to cases in which an adversary claim has been made against him, though it may, it is believed, apply to an article not yet manufactured but only about to be manufactured. This requirement, present in practically all the adjudicated cases, refutes the fear that patentees might be harassed by prospective infringers and be obliged continually to defend their patents. The fact that a patentee's claim of infringement is a condition precedent of this type of action places the matter of adjudication of the patent within the control of the patentee, for, if he wishes to avoid adjudication, he can refrain from making charges of infringement. But having made the charge, he then exposes himself to adjudication. In other words, the mere existence of the patent is not a cloud on title, enabling any apprehensive manufacturer to remove it by suit. It requires an assertion of right under the patent to place the alleged infringer in gear to join issue and challenge the title." 122 F.2d 702, 706.

To me, it is quite clear, under the proofs, that no charge of infringement has been made, and that defendant should have summary judgment in its favor.