## BARNES v. KANSAS CITY OFFICE OF FEDERAL BUREAU OF INVESTIGA-TION et al.

### No. 14184.

United States Court of Appeals
Eighth Circuit.

Dec. 20, 1950.

James C. Moloney, University City, Mo., for appellant.

Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo. (Sam M. Wear, U. S. Atty., Kansas City, Mo., on the brief), for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from an order dismissing appellant's petition for a declaratory judgment. After the petition was filed in the district court the defendants, appellees, moved to dismiss, and the motion was sustained on the ground that "The nature of the relief sought by the plaintiff cannot be determined in a declaratory judgment action, * * *."

Jurisdiction is predicated on diversity of citizenship of the parties and the amount involved. The petition alleges that plaintiff and defendants are citizens of different states, the defendants being citizens of the state of Missouri. The residence of plaintiff is not alleged, but the court's order states that he is "an inmate of the United States Penitentiary at Leavenworth, Kansas." It is alleged that the amount in controversy exceeds the sum of $3,000. The petition also alleges that there is a justiciable controversy between plaintiff and defendants in respect of plaintiff's rights under Amendments Four and Five of the Constitution of the United States.

The alleged facts involved and admitted for the purposes of the motion are that the defendants Fuller, McIver and Heatherly are agents and members of the Kansas City Office of the Federal Bureau of Investigation and the other two unidentified defendants are members of the Kansas City, Missouri, Police Department.

410

That on October 13, 1948, the plaintiff, known as Ben L. King, and his wife occupied and inhabited rooms in a hotel in Kansas City, Missouri, where they had their luggage and other personal property of a total value of $3,500. That about 1:00 a. m. on October 16, 1948, in plaintiff's absence, defendants by force or subterfuge entered their rooms. That later on the same night when plaintiff and his wife returned to their rooms defendants without a warrant of arrest or a search warrant arrested them and took them and their property to the city jail in Kansas City where they were confined. Their property was then deposited in the police property room, and the police department refused and still refuses to surrender it to them, all of which acts violated plaintiff's rights under the Fourth and Fifth Amendments to the Constitution of the United States and the laws made in pursuance thereof.

It is further alleged that during the month of May, 1949, plaintiff filed a motion for the return of his property in the case of United States v. Harry Sylvester Barnes in the United States District Court at Kansas City, Missouri; that said motion was denied and ordered stricken from the files upon the basis of false and perjured affidavits executed by the three F.B.I. defendants named herein; and that by reason of said acts the defendants herein have fraudulently converted or destroyed plaintiff's property to his damage in the sum of $5,000. There is no allegation that any appeal was taken from the ruling of the court on that motion.

The petition states that the existing controversy between plaintiff and defendants concerns the proper interpretation of the authority of defendants under the Fourth and Fifth Amendments to commit the acts of trespass described above against the plaintiff.

Involved, also, it is alleged, are the further questions:

1. May the federal law enforcement officers solicit the aid of the state law enforcement officers, as was done here, to nullify plaintiff's alleged rights?

2. In substance, did the court err in denying the motion of plaintiff in the criminal case, supra, for the return of his property?

3. By what lawful authority, if any, did defendants do the acts described, supra, in arresting plaintiff without a warrant and seizing his property?

4. Were not said acts tantamount to extortion?

Wherefore, plaintiff prayed that a declaratory judgment be entered construing the respective rights and liabilities of the parties under Amendments Four and Five of the Constitution and of the laws pursuant thereto and that a declaratory judgment against defendants for $5,000 plus costs be entered.

By order of the district court this appeal has been presented in forma pauperis. Upon motion of the appellant counsel was appointed by this court to represent him here. Counsel has filed a scholarly and able brief and argued the case orally.

In brief but one question is presented for determination by this court, namely, Did the court err in dismissing the petition for a declaratory judgment on the motion of the appellees?

The appellant, it appears, drafted the "Petition for Declaratory Judgment" himself. The able counsel appointed by this court to represent him on the appeal admits that it is not a model pleading; but he persuasively contends that it is sufficient to invoke the jurisdiction of the court to determine and declare the title to and right of possession of the personal property of the appellant alleged to have been taken from appellant's room in the hotel and kept in the property room of the police department of Kansas City, Missouri, and the return of which was refused. He also thinks that under the prayer for a judgment for $5,000 damages in some amount could be awarded. It is also contended that the court could in its discretion, if the evidence warranted, grant coercive relief, such as an order for the return of the properties or damages, or both. These contentions may be admitted,

provided the nature of the case and the averments of the petition are sufficient.

 The law for our guidance in the circumstances of this case has been settled by controlling decisions of the Supreme Court. In Eccles v. Peoples Bank of Lakewood Village, California, 333 U.S. 426, 431, 432, 68 S.Ct. 641, 644, 92 L.Ed. 784, the Court said: "A declaratory judgment * * * should be granted only as a matter of judicial discretion, exercised in the public interest. * * * Especially where governmental action is involved, courts should not intervene unless the need for * * * relief is clear, not remote or speculative. The actuality of the plaintiff's need for a declaration of his rights is therefore of decisive importance." (Citing authorities.)

In Alabama Federation of Labor v. McAdory, 325 U.S. 450, 462, 65 S.Ct. 1384, 1390, 89 L.Ed. 172, the Court said: "The declaratory judgment procedure may be resorted to only in the sound discretion of the Court and where the interests of justice will be advanced and an adequate and effective judgment may be rendered." (Citing authorities.)

 In Coffman v. Breeze Corporations, Inc., 323 U.S. 316, 324, 65 S.Ct. 298, 302, 89 L.Ed. 264, the Court said: "The declaratory judgment procedure is available in the federal courts only in cases involving an actual case or controversy (citing authorities), where the issue is actual and adversary (citing authorities), and it may not be made the medium for securing an advisory opinion in a controversy which has not arisen (citing authorities)."

 Assuming for the purpose of decision that the appellant's petition was sufficient to invoke the jurisdiction of the court to determine and declare the title and right of possession of his personal property, did the court abuse its discretion in dismissing the petition? We think not. The appellant may secure an adjudication of these contentions in a suit to recover his property, or in an action for damages. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939. There is no clear and compelling "need" for a declaratory judgment. If the averments of the petition are true, both the federal government and the municipal government of the city of Kansas City, Missouri, are involved and each has an interest in the proceeding, wherefore the district court should not intervene in a declaratory judgment proceeding. Clearly the appellee F.B.I. officers personally have no interest, in so far as the averments of the petition disclose, in the possession of appellant's property by the municipal authorities. Again, if what the appellant seeks is an advisory opinion answering all the questions declared by him to be involved, then the district court is without jurisdiction. Coffman v. Breeze Corporations, Inc., supra. The petition, therefore, "fails to disclose any ground for the determination of any question of law or fact which could be the basis of a judgment adjudicating the rights of the parties." Coffman v. Breeze Corporations, supra. The foregoing conclusion applies, also, if what the appellant is really seeking is a foundation for some other proceeding in court.

For the foregoing reasons we find that the court did not abuse its discretion by dismissing the petition.

Affirmed.