KOBRE et al. v. PHOTORAL CORP. et al.

United States District Court
S. D. New York.
Sept. 21, 1951.

Harry Malter, New York City, for plaintiffs.

Harry C. Bierman, New York City, for defendants.

IRVING R. KAUFMAN, District Judge.

Both plaintiffs and defendants have entered motions in this action. Defendants move to dismiss the complaint on the ground of this court's lack of jurisdiction over the parties and over the subject matter of the suit. Plaintiffs move for an order enjoining certain alleged practices of the defendants during the pendency of the action.

Plaintiffs seek a declaratory judgment as to the validity and infringement of defendants' patent #2,505,787. Defendants' motion will be considered first.

Title 28 U.S.C. § 2201 empowers this Court, "In a case of actual controversy within its jurisdiction", to render a declaratory judgment of the rights and other legal relations of parties to the action. The Declaratory Judgment Act confers no special jurisdictional grant on the Court; but it reserves for declaratory action all matters of controversy over which it would ordinarily have jurisdiction. Title 28, Section 1338(a) gives the Court jurisdiction over any claim arising under the patent law of the United States. An action for declaratory judgment as to the validity and infringement of a patent is such a claim. This Court has jurisdiction to hear and determine the issues. Detroit Gasket

& Manufacturing Co. v. Wolverine Fabricating & Manufacturing Co., D.C.E.D. Mich. 1943, 53 F.Supp. 966, affirmed, 6 Cir., 1945, 148 F.2d 399.

At the core of any request for a declaratory judgment, then, is the existence of an *actual controversy*. Coffman v. Breeze Corporations, Inc., 1945, 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264; Ætna Life Insurance Co. v. Haworth, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617. The Court may not be made the medium for securing an advisory opinion in a controversy which has not arisen. Electric Bond & Share Co. v. S. E. C., 1938, 303 U.S. 419, 58 S. Ct. 678, 82 L.Ed. 936. There must be a state of facts indicating threatened litigation in the immediate future. Remington Products Corp. v. American Aerovap, Inc., D.C.S.D.N.Y.1951, 97 F.Supp. 644.

Plaintiffs allege a calculated plot by defendants to deprive them of their trade and good will. A controversy, they contend, has been raging for four months. Defendants claim that any acts performed were in furtherance of the legitimate protection of their own business, and at any rate no controversy could possibly exist since they have not charged infringement by plaintiffs.

The facts appear to be these. Since 1950 defendant Photoral Corporation has been marketing so-called picture records—phonograph records made of a flexible plastic material on which was engraved a photograph of a subject relating to the recorded song. Defendants claim no patent on the engraving process. Their sole patent claim concerns a movable flap which is displaced when the phonograph spindle is inserted in the record's center-hole. On February 9, 1951, Lawrence Forray, allegedly an associate of plaintiffs, entered into an agreement with Photoral, giving Forray and certain others a three-month option to obtain a license under Photoral's patent. Undoubtedly, Forray conducted certain preliminary negotiations with prospective buyers, under color of his agreement with Photoral, during the option period. On May, 3, 1951, however, Forray informed Photoral that the option would not be ex-

ercised. **On** May 8, 1951, plaintiffs, Benjamin Kobre and Fred A. Forray, Lawrence Forray's brother, organized plaintiff Sight "n" Sound Enterprises to produce photograph-records similar to defendants'. There is little doubt that Sight "n" Sound's anticipated customers included firms contacted by Lawrence Forray while his option agreement with Photoral was pending.

On May 8, the day plaintiff Sight "n" Sound was organized, but 5 days after Photoral received notice from Lawrence Forray that he would not exercise his option, Photoral sent the following letter by registered mail to the Silver Record Pressing Co. of New York City:

"Gentlemen:

"I have been informed that you are contemplating entering into a contractual relationship with * * * Mr. Lawrence Foray (sic) for the manufacture of the Phonograph-Photograph Combination.

"The invention is the property of the Photoral Corporation * * * and . all rights which had previously been given to * * * Mr. Lawrence Foray * * * have been cancelled. The cancellation has been recorded and the Patent Office Records in Washington, D. C. may now be inspected by the public. .

"From this you will see that * * * Lawrence Foray * * * no longer has any rights and since there are patents issued and pending, owned by Photoral on the subject, you should avoid any possibility of infringement by you."

On May 21, 1951, Photoral sent the following letter to Mr. Howard Dunk, an agent negotiating sales for Sight "n" Sound:

"Dear Sir:

"We have been advised by our attorney to notify you to the effect, that in case you proceed to market a photograph-phonograph record which comes within our patent rights without our permission we will have to hold you responsible for infringement and damages.

" * * * the Inventions are the property of the Photoral Corporation * * * and the Patent Office records may now be inspected by the public in Washington, D. C."

Plaintiffs contend that a series of letters, to the same effect, were sent to other prospective customers. As a result, plaintiffs claim a business loss of at least $100,000. Defendants' letters, they say, are sufficiently threatening to constitute an "actual controversy" which may be adjudicated under the Declaratory Judgment Act.

Defendants deny that any justiciable controversy exists. When the first letter was sent on May 8, 1951, it is urged they had no knowledge of plaintiffs' corporate existence. The letter, they contend, was a routine notice to the trade that the option agreement with Lawrence Forray had lapsed. Any subsequent communications, they say, were equally innocuous. It is a legitimate business act, defendants state, to give notice of patent claims and to warn of the consequences of infringement.

Direct threats of suit for infringement are not necessarily requisite to an actual controversy. Remington Products Corp. v. American Aerovap, Inc., supra. The Declaratory Judgment Act is directed toward adjudicating those areas of conflict where a patent-holder attempts to harass other producers by threat. Dewey & Almy Chemical Co. v. American Anode, Inc., D.C.Del.1942, 47 F.Supp. 921, 922. There must, of course, be proof that defendants claim plaintiffs infringe their patent. Certainly no patent holder should be exposed to a sort of reverse-harassment, i. e.—be forced to defend against a spurious suit where there is no likelihood of damage to the plaintiff by affirmative acts of the patent-holder. Thermo-Plastics Corp. v. International Pulverizing Corp., D.C.N.J. 1941, 42 F.Supp. 408.

The Court must determine whether or not defendants' letters were privileged within an area of legitimate business activity or whether they constituted, directly or indirectly, a threat of litigation to plaintiffs, and a potential injury remediable under the Declaratory Judgment Act.

Both sides lay considerable stress on the extremely limited scope of defendants' patent. Plaintiffs say, in effect, "Defendants'

patent applies only to a flap over the center-hole. Our records have no flap. How could we possibly infringe? Yet Defendants say we infringe and the accusation causes us great harm." Defendants reply, "Our patent does in fact relate only to a flap. We know plaintiffs have no flaps on their records. How can we possibly be accusing them of infringement when we ourselves know there is nothing to infringe."

Defendants' protestations, I find, do not entirely jibe with the facts. In the May 8th letter they say, "The invention (of a phonograph-photograph record) is the property of the Photoral Corporation * * *". Again, in the May 21st letter, they state "The inventions are the property of the Photoral Corporation." However demure defendants now seem in their claims before this Court, there was a definite attempt to impress Sight "n" Sound's prospective customers with a far broader patent than Photoral actually had. I can only infer from these letters a warning to proceed with peril *not* in the manufacture of picture-records with flaps, but in the manufacture of *any* picture records at all.

Defendants indignantly call for some kind of punitive action against plaintiffs for masquerading as their licensees for three months while they (plaintiffs) secured those business contacts which they now seek to exploit through this declaratory judgment action. It is not the duty of this Court to editorialize on the business practices of litigants. The acts of both sides will properly be examined by the trial court, and necessary relief extended.

Plaintiffs' affidavits reveal a number of prospective customers apparently intimidated by defendants' letters. In view of the fact that defendants declare that they have no intention of threatening plaintiffs' customers with suit, they cannot be injured by an injunction ordering them during the pendency of this suit to refrain from actions, oral or written, which can be construed as a threat to plaintiffs. The legitimate business interests of defendants do not extend to acts which proclaim the truth of facts under controversy here.

Defendants' motion to dismiss the complaint is denied.

Plaintiffs' motion for temporary injunction is granted.

Settle order on notice.