Christobal PINTO, Plaintiff,

v.

Cecelia TAMPO LARGO, The United States of America, and Does I to X, Inclusive, Defendants.

Civ. No. 2628.

United States District Court
S. D. California, S. D.

May 31, 1962.

Swing, Scharnikow & Lewis, by Bernard L. Lewis, San Diego, Cal., for plaintiff.

Melvin C. Blum, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

WEINBERGER, District Judge.

The complaint alleges that this action for declaratory relief is filed pursuant to Section 345 of 25 U.S.C.A.; that a controversy exists between plaintiff and defendants involving their rights under trust patents issued by the President of the United States, to-wit, on February 10, 1898 and December 14, 1911; that said patents were issued under the authority of Acts of Congress approved January 12, 1891 (26 Stats. 712) as amended by the Act of March 1, 1907 (34 Stats. 1015). That the trust patents declare the United States of America will hold certain tracts of land for a period of twenty-five (25) years in trust for the sole use and benefit of the Campo Band or Village of Indians, according to the laws of California, and at the expiration of said period the United States will convey the same or the remaining portion not patented to individuals by patent to said Campo Band or Village of Indians aforesaid, in fee simple, discharged of said trust and free of all charges or encumbrances whatsoever.

Plaintiff alleges that he is the lawful heir, under the laws of the State of California, of persons who were members of the Campo Band or Village of Indians. By permission of the Court, plaintiff has amended his complaint by interlineation to allege that he is an Indian. (Minute Order, April 16, 1962.) Defendants Cecelia Tampo Largo and Does, according to the complaint, are persons of Indian ancestry who reside on the lands involved herein, but, alleges plaintiff, "were not members of the Campo Band or Village as it existed at the time of the

issuance of either of the aforesaid trust patents, nor are they heirs of any persons who were members of said Campo Band or Village at the time of the issuance of either of said trust patents."

The complaint further states that the defendants (meaning Largo and the Doe defendants, we assume) claim the right to vote in certain elections being conducted by the residents of the Campo Band or Village with the aid and approval of the defendant United States of America. That said elections are being conducted and proposed for the purpose of establishing procedural rules for the distribution of said lands now held in trust and for the purpose of determining membership in the Campo Band or Village. That the plaintiff claims that the defendants Cecelia Tampo Largo and Does I through X inclusive have no right to vote in any elections since they are not entitled to distribution of any of said lands. That plaintiff claims that the distribution of said lands now held in trust by the defendant United States of America is purely a matter of property rights which cannot be determined by voting or elections.

In his prayer, plaintiff asks that the Court declare whether under the terms of the trust patents herein mentioned the individual defendants are entitled to any share of the real property now held by the United States of America in trust, and whether the determination of the individual beneficiaries of the trust patents, upon distribution of said lands, is to be made according to the inheritance laws of the State of California or by some other method ".as contended by the defendants."

Defendants United States of America and Cecelia Tampo Largo have moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. Both sides have filed briefs, argument has been had, and the motion submitted for the Court's decision.

Defendants cite the case of St. Marie v. United States, 24 F.Supp. 237 (D.C. Cal.1938) aff. 108 F.2d 876, cert. den. 311 U.S. 652, 61 S.Ct. 35, 85 L.Ed. 417, as compelling this Court to determine that as far as the United States is concerned no consent to be sued exists, and as far as the defendant Cecelia Tampo Largo is concerned, no cause of action is stated. If we interpret correctly counsel's application of the St. Marie case, he urges that the plaintiff has omitted a necessary portion of his cause of action, which he cannot supply because the Secretary of the Interior has not made the determination mentioned in Section 4 of the Mission Indian Act, to-wit:

"Sec. 4. That whenever any of the Indians residing upon any reservation patented under the provisions of this act shall, in the opinion of the Secretary of the Interior, be so advanced in civilization as to be capable of owning and managing land in severalty, the Secretary of the Interior may cause allotments to be made to such Indians, out of the land of such reservation * * *."

and, that there can be no individual claim to the lands mentioned in the patents at this time because such determination has not been made, and the following rules apply:

(a) It is not the duty of the Court to determine a moot, hypothetical or abstract question; (b) It is not within the province of the Court to make interpretative rulings when there is no actual controversy at bar; (c) It is not the function of courts, in declaratory judgment actions, to decide hypothetical future cases not in being.

Defendant further contends even had such a determination as above mentioned been made, plaintiff still has no standing to bring this action because "to be entitled to share in tribal land which has been allotted in severalty the participants must have a status in their own right—they can share only as members, but not as heirs."

Plaintiff replies that he is not seeking to compel the United States to terminate the trust expressed in the patent or to allot to him a specific portion of the

property so held; that he has filed this suit to have the Court construe the trust patent and to establish the fact that the defendant Largo is entitled to no beneficial interest in the land held in trust "according to the laws of the State of California." He also states that he is seeking to establish his "claim to land" under a "grant made by Congress." That the language of Section 345 does not deal solely with actions to compel allotments, but authorizes suits against the United States for any action, suit, or proceeding in relation to the right thereto.

We have considered carefully the opinions in the case of St. Marie v. United States, 24 F.Supp. 237 (D.C.Cal.1938), aff. 108 F.2d 876; we note that certiorari was denied in 311 U.S. 652, 61 S.Ct. 35, 85 L.Ed. 417 as to such case because the application was not filed in time. We have likewise considered the dissenting opinion of Judge Garrecht in the St. Marie case; the opinion of the Court of Appeals in Hatchitt v. United States, 9 Cir., 158 F.2d 754, 756, and the Supreme Court's opinion in Arenas v. United States, 322 U.S. 419, 64 S.Ct. 1090, 88 L. Ed. 1363. However, we do not find it necessary to decide, for the purposes of this motion, whether the Secretary of Interior has made a determination of advancement with reference to the Campo Band or Village of Indians.

Section 345 of Title 25 U.S.C.A. in the portions pertinent to this matter, reads as follows:

"All persons who are in whole or in part of Indian blood or descent who are entitled to an allotment of land under any law of Congress, or who claim to be so entitled to land under any allotment Act or under any grant made by Congress, or who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any Act of Congress, may commence and prosecute or defend any action, suit, or proceeding in relation to their right thereto * *."

By amendment to his complaint, plaintiff has alleged that he is an Indian, and thus meets a portion of the requirements set forth in the section. He has not, however, alleged that he claims to be entitled to land under any allotment Act or under any grant made by Congress, and he does not claim to have been unlawfully denied or excluded from, any allotment or any parcel of land to which he is entitled.

■ For the purpose of determining whether plaintiff has stated a cause of action, we cannot insert in the pleading statements made by counsel in his brief. Plaintiff may be contending that only members of the Campo Band or Village of Indians *who were such at the time the patents were issued,* or heirs of such members, are entitled to an interest in lands covered by the patents involved. But, plaintiff has not alleged he is such a person, though he has alleged that defendant Largo cannot so qualify. (Paragraph IV of the complaint).

Whatever his contention in respect to his qualification, plaintiff must concede that it is the prerogative of the United States through the Secretary of the Interior to make distribution of the lands involved. There is no allegation in the complaint that the Secretary has ordered any method or policy of allotment or distribution. There is no allegation that any official act of the Secretary has been committed or is about to be committed to affect any right which plaintiff may possess.

■ It is apparent that plaintiff is seeking to have this Court advise the Secretary of the Interior as to what method or policy that official should adopt when he *does* proceed to make distribution of land patented to the Campo Band or Village of Indians. We find no sanction for such advice in Section 345 of Title 25 U.S.C.A. or in the Declaratory Judgment Act, Section 2201 of Title 28 U.S.C.A.

■ The declaratory judgment procedure may be used only in cases involving an actual controversy. Coffman v. Breeze Corporations, 323 U.S. 316, 324,

65 S.Ct. 298, 89 L.Ed. 264; Nashville, Chattanooga & St. Louis Railway Co. v. Wallace, 288 U.S. 249, 258, 264, 53 S.Ct. 345, 77 L.Ed. 730; Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 239, 240, 57 S.Ct. 461, 81 L.Ed. 617. The issue must be actual and adversary. Chicago & Grand Trunk Railway Co. v. Wellman, 143 U.S. 339, 12 S.Ct. 400, 36 L.Ed. 176. Declaratory relief procedure may not be used for the purpose of securing an advisory opinion in a controversy which has not arisen. Coffman v. Breeze Corporations, 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264; State of New Jersey v. Sargent, 269 U.S. 328, 46 S.Ct. 122, 70 L.Ed. 289.

We find, for the reasons stated herein, that plaintiff has not stated a cause of action for which relief can be granted.