160 So.2d 97 (1964)
Harlow CHAMBERLIN, on his own behalf and in behalf of all other persons similarly situated, Appellant,
v.
The DADE COUNTY BOARD OF PUBLIC INSTRUCTION et al., Appellees,
v.
David HUME et al., Intervening Appellees.
Edward RESNICK, Philip Stern, and Elsie Thorner, in their own behalf, and in behalf of all other persons similarly situated, Appellants,
v.
The DADE COUNTY BOARD OF PUBLIC INSTRUCTION et al., Appellees,
v.
David HUME et al., Intervening Appellees.
No. 31545.
Supreme Court of Florida.
January 29, 1964.
Howard W. Dixon, Herbert L. Heiken and Tobias Simon, Miami, for Harlow Chamberlin.
Smith & Mandler, Miami Beach, and Leo Pfeffer, New York City, for Edward Resnick, and others.
Bolles & Prunty, Miami, for the Dade County Board of Public Instruction, and others.
Brigham, Wright, Goodwin & Dence and E.F.P. Brigham, Miami, for David Hume, and others intervening appellees.
James W. Kynes, Atty. Gen., and Ralph E. Odum, Asst. Atty. Gen., amicus curiae.
*98 CALDWELL, Justice.
Upon appeal from this Court the Supreme Court of the United States, 374 U.S. 487, 83 S.Ct. 1864, 10 L.Ed.2d 1043 vacated the judgment herein and remanded the cause for further consideration in the light of the Murray and Schempp cases,[1] decided June 17, 1963.
We have read with care and considered the opinions cited. Being in doubt as to the manner and the extent to which our judgment should, by reason thereof, be modified, we permitted the state, through the Attorney General, to file a brief amicus curiae and requested of counsel further briefing and argument incident to our disposition of the remand.
The facts of this cause, delineated in our original opinion,[2] to which, for the sake of brevity, reference is made, are dissimilar to those of the Murray and Schempp cases, supra, although, it is noted, the Supreme Court of the United States declined to permit the filing of briefs and denied the request of counsel to argue the cause.
The appellants, on appeal to the United States Supreme Court, questioned whether the Constitution of the United States was violated by any or all of the following enumerated alleged practices of the appellee, Dade County Board of Public Instruction: (1) the regular reading of verses from the Bible in assemblies and in classrooms; (2) the regular recitation of the Lord's Prayer and other religious sectarian prayers; (3) the conducting of religious and sectarian baccalaureate programs; (4) the conducting of a religious census among the children to ascertain their own religious affiliations and the religious affiliation of their parents; (5) the conducting of religious tests as a qualification for the employment of teachers. Numbers 3, 4, and 5, above were not involved in the Schempp and Murray cases and nothing therein requires a change of our views as expressed in our opinion rendered in June, 1963.[3]
Perhaps, in full caution, we should say that, aside from the constitutional questions raised, appellants had no legal right in Court to complain of the alleged practices involving baccalaureate programs, religious census or religious tests. The transcript discloses that baccalaureate programs are observed by high school graduating classes but that all children involved here, save one, in junior high school, were enrolled in elementary schools. None were adversely affected by the complained of practices and, it follows, had standing to sue.[4]
Neither have appellants any legal right to question the alleged conduct of religious census among the children. Nothing in the record indicates the children involved had been questioned in that connection or had supplied such information. Any opinion touching the Federal Constitutional question posed here would be advisory only and, as was held in the Doremus case,[5] should not be accepted as a basis for review. The Court should not pass upon the constitutionality of a complaint unless it be shown the complaining party was injured by the practice.[6] But, aside from the question of a legal right or interest here, it was established that no religious census had been taken in the public school system of the county although certain information, for the purpose of determining probable attendance over religious holidays, was required on entrance applications. Such information *99 was for the use of the professional personnel and was not made public.
Appellants, none of whom are teachers, have no legal right to complain that religious tests were used in qualifying teachers for employment.
Section 231.09(2) Florida Statutes, F.S.A., relating to the reading of the Bible, when enacted in 1925 as Chapter 10262, contained this explanatory language: "Whereas, it is in the interest of good moral training, of a life of honorable thought and good citizenship, that the public school children should have lessons of morality brought to their attention during their school days, therefore Be it enacted * * *."
It is our conclusion that the statute was founded upon secular rather than sectarian considerations and is to be construed as was the Sunday Closing Law in the McGowan case.[7] The statute, designed to require moral training and the inculcation of good citizenship, does not offend the establishment clause of the Constitution as written and intended by the authors. The accommodation of religious beliefs is secondary to the intent of the Legislators. Since the intent of the Florida Legislature is apparent and the intent of the Pennsylvania and Maryland Legislatures is not disclosed, we think the Florida Statute poses a different problem and is not summarily stricken by the Murray and Schempp decisions.
In view of the dissimilarity of the facts here and those of the Schempp and Murray cases and our conviction that the establishment clause of the Constitution was never designed to prohibit the practices complained of, we do not feel that the privilege, or duty, is ours to speculate the extent to which the Supreme Court of the United States intended to expand its philosophy. We have, without avail, endeavored to find, in the diverse views expressed by the several justices of the United States Supreme Court who participated in these decisions, a clear course for us to follow. It seems, therefore, more fitting that the responsibility for any enlargement be left to that Court. We reaffirm our judgment as expressed in the original opinion herein.
DREW, C.J., and THOMAS, ROBERTS, THORNAL, O'CONNELL and HOBSON (Ret.), JJ., concur.
NOTES
[1] School District of Abington Township v. Schempp, Murray v. Curlett, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963).
[2] 143 So.2d 21 (Fla. 1963).
[3] Ibid.
[4] Poe v. Ullman, 367 U.S. 497, 503-504, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943); Voeller v. Neilston Warehouse Co., 311 U.S. 531, 61 S.Ct. 376, 85 L.Ed. 322 (1941).
[5] Doremus v. Board of Education, 342 U.S. 429, 72 S.Ct. 394, 96 L.Ed. 475 (1952).
[6] Coffman v. Breeze Corporation, 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264 (1945).
[7] McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1960).