**THOMAS E. DOWD, JR., Plaintiff**

v.

**JOHN F. WILLERS, Defendant**

Civil No. 699C/1976

Territorial Court of the Virgin Islands

Div. of St. Croix

May 26, 1977

JOHN B. NICHOLS, Christiansted, St. Croix, V.I., *for plaintiff*

JEAN–ROBERT ALFRED, Christiansted, St. Croix, V.I., *for defendant*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter came before the court for hearing on March 24, 1977 on defendant's motion to quash writ of attachment. Defendant contends that 5 V.I.C. § 251 et seq. violate his rights as guaranteed by the Fourteenth Amendment to the United States Constitution in that the statute: (1) does not require a notice and hearing prior to or immediately after an attachment; (2) does not give a defendant the opportunity to file counter-affidavits in opposition to plaintiff's affidavits; (3) does not allow a defendant to demand additional security from the plaintiff; and (4) allows writs to issue without full judicial participation.

On June 9, 1976, a memorandum emanated from the then Municipal Court (later to become the Territorial Court) which is reproduced in its entirety:

### MEMORANDUM

To: Members of the Bar practicing in the Municipal Court in the Judicial Division of St. Croix

Subject: Pre-judgment Attachment

From: Judges Finch & Joseph

The existing practice of applying for a writ of attachment on forms furnished by the court needs to be altered to conform to recent decisions. Hereafter attorneys are requested to prepare a motion supported by affidavit clearly setting out the facts which entitle the plaintiff to the writ. The judge will thereafter direct the clerk to issue the writ if the affidavit is free of conclusions. There must be endorsed on the writ itself a notice to the defendant informing him of his right to an immediate hearing to challenge the issuance of the writ and his right to post a bond to regain possession of the property.

Adherence to the above will speed up the granting of writs in the future.

June 9, 1976

Plaintiff complied with the Court's revised procedures for issuance of the writ: he prepared a motion with supporting affidavit setting forth the facts which entitled

him to the issuance of the writ; he notified the defendant of the writ and of his right to challenge its issuance and of his right to post a bond so as to regain possession; and had approval of a judge prior to the issuance of the writ. Notwithstanding these actions, the defendant maintains that there was a constitutional abridgment in that the statute itself does not provide for the steps followed in this case. Expressed otherwise, the defendant contends that the statute must be struck down despite the fact that the Court's remedial measures protected him from its constitutional defects.

Prior to considering defendant's allegations of unconstitutionality, this court must decide whether defendant may challenge the validity of 5 V.I.C. § 251. Accordingly, the issue before the court is whether the defendant has standing to challenge the statute. Only if the court finds in the affirmative is it necessary to consider the question of constitutionality of the statute.

 Standing is generally expressed by an indication that the aggrieved party has asserted a legal right, or has been injured or threatened with injury. Investment Co. Institute v. Camp, D.C.D.C. 274 F.Supp. 624, 632. It is the ability of petitioner to show actual injury to himself or infringement upon his constitutional rights due to the operation of the statute. Barrows v. Jackson, 346 U.S. 249, 255 (1953), rehearing denied, 346 U.S. 841 (1953); Antilles Surveys, Inc. v. DeJongh, 358 F.2d 787, 789 (3rd Cir. 1966). The injury may be a deprivation of rights or substantial pecuniary loss, provided it is direct and special to the petitioner. Doremus v. Board of Education, 342 U.S. 429 (1952); Coffman v. Breeze Corps., 323 U.S. 316 (1945). A mere showing of constitutional deficiency is insufficient to overthrow the statute. "The party who invokes the power must be able to show, not only that the statute is invalid, but that he has sustained or is

immediately in danger of sustaining some direct injury as a result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." Doremus, supra at 434.

Defendant does not allege that he has been denied proper notice and an opportunity for a hearing. Defendant does not allege that his property has been seized and put completely beyond his use with no opportunity for him to seek its return by posting a bond and/or proceeding in a hearing. Defendant merely states that the Virgin Islands attachment law did not accord him these protective measures. However, defendant's rights have been protected and he has been accorded due process in this matter. As such, his injury is neither more nor less than any other individual who has suffered the inconvenience of an attachment proceeding under a statute containing the protections outlined in Sniadach v. Family Finance Corp., 395 U.S. 337 (1969); Fuentes v. Shevin, 407 U.S. 67 (1972) and Mitchell v. W. T. Grant Co., 416 U.S. 600 (1974).

In the absence of a sufficient showing of standing, defendant cannot be heard to question the validity of § 251. Defendant poses no other grounds for his motion to quash.

In accordance with the foregoing discussion, it is hereby ORDERED, ADJUDGED and DECREED that defendant's Motion to Quash Writ of Attachment be and the same hereby is denied.