United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20700
Summary Calendar

NAUTILUS INSURANCE CO.,

Plaintiff-Counter Claimant-Appellant,

versus

NEVCO WATERPROOFING,

Defendant-Third Party Plaintiff-
Counter Defendant-Appellee,

versus

LEICHT GENERAL AGENCY,

Third Party Defendant-Appellee,

versus

CONCIERGE CARE NURSING CENTERS, INC.;
HOUSTON CONCIERGE CARE, LP,

Counter Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(Docket No. 4:04-CV-2986)

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

This case involves an insurance company's declaratory judgment action against an insured. In the underlying case, Concierge Care Nursing Centers, Inc. ("Concierge"), brought tort claims against a contractor and several sub-contractors, including appellee Nevco Waterproofing, Inc. ("Nevco"). Concierge had discovered mold that made their recently-constructed nursing home uninhabitable. Appellant Nautilus Insurance Company ("Nautilus") brought a declaratory judgment action against sub-contractor Nevco, asking the court to find that Nautilus was not required to defend Nevco because the mold was discovered after the expiration of Nevco's insurance policy. The underlying action by Concierge against Nevco and all other defendants has been dismissed, because Concierge settled with a major contractor. However, the settlement assigned Concierge the contractor's rights to pursue indemnity and contribution claims against sub-contractors, including Nevco. We vacate the judgment of the district court and remand with directions to dismiss the case as moot. *See United States v. Munsingwear*, 340 U.S. 36, 39, 71 S. Ct. 104, 106 (1950).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (1998), the question of whether a case is moot depends upon "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *Connell v. Shoemaker*, 555 F.2d 483, 486 (5th Cir. 1977) (citation omitted). Here, the underlying case has been dismissed, rendering the issue of Nautilus's responsibilities moot. Nonetheless, Nautilus cites *Excess Underwriters at Lloyd's, London, v. Frank's Casing Crew & Rental Tools, Inc.*, ___S.W. 3d___, 2005 WL 1252321 (Tex. May 27, 2005) (reh'g granted), for the proposition that Nevco may owe Nautilus reimbursement for the costs of defending the suit, thus arguing that a live case or controversy remains for this court to decide.

In *Frank's Casing*, the Texas Supreme Court held that Texas law allows insurers who disputes coverage to recoup settlement payments if it is later determined that claims against the insured were not covered. *Id.* at *3. Specifically, insurers may recover payment if (1) "an insured has demanded that an insurer accept a settlement offer that is within policy limits," or (2) "when an insured expressly agrees that the settlement offer should be accepted." *Id.* However, the supreme court did not address the question of whether insurers could ever recover the costs of defending an insured whose policy was later determined not to cover the

case at issue, without a settlement. Because the case at hand did not involve a settlement, *Frank's Casing* does not apply. Thus, contrary to Nautilus's claim, *Frank's Casing* will not defeat a dismissal on grounds of mootness.

Nautilus argues in the alternative that this case falls under an exception to the mootness doctrine, because it is "capable of repetition, yet evading review." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 349 (1975). This exception is "limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 149, 349. In this case, Nautilus contends that the same issue of coverage will resurface again, because Concierge still has the right to sue Nevco. However, the possibility that Concierge might sue Nevco in the future is not of "sufficient immediacy and reality" to warrant a declaratory judgment. *See Connell v. Shoemaker*, 555 F.2d 483, 486 (5th Cir. 1977) (citation omitted). Concierge has not sued Nevco since the settlement, and it is not necessarily likely that Concierge will sue Nevco again. Nor, if Concierge does bring suit, will the issue be likely to evade review, for the court may issue a declaratory judgment at that time. However, we need not now rule on the validity of a defense in a hypothetical future suit. *See Coffman v. Breeze Corp.*, 323 U.S. 316, 323, 65 S. Ct. 298, 302 (1945). Currently, there is no live

controversy to decide, and the case will be dismissed on mootness grounds.

VACATED and REMANDED with instructions to dismiss as moot.