**PERMUTT v. ARMSTRONG et al.**

No. 53 C 37.

United States District Court
N. D. Illinois E. D.
Jan. 22, 1953.

Spitzer & Ritman, by Richard L. Ritman, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Dist. Atty., by Anthony Scariano, Asst. U. S. Atty., Chicago, Ill., for defendants.

CAMPBELL, District Judge.

This is a suit for declaratory and injunctive relief, brought under the provisions of the Declaratory Judgment Act, 28 United States Code Annotated, §§ 2201 and 2202.

Plaintiff seeks, among other things, to question the validity of section 4(i) of the Universal Military Training and Service Act, 50 United States Code Annotated Appendix, § 454(i), and of certain regulations and practices adopted by the Selective Service System and the United States Army pursuant thereto. Said section authorizes the President to require the special registration and induction into the Armed Forces of certain persons qualified in needed "medical and allied specialist categories."

It is alleged in the complaint that defendant, Paul G. Armstrong, is the Illinois Director of the Selective Service System, in charge of the State Headquarters, and Transfer Board No. 1, located in Chicago, Illinois; and that defendant, William B. Kean, is a Lieutenant General of the United States Army, and is the Commanding Officer of the Fifth Army, with authority over the induction center located in Chicago, Illinois. During oral argument, counsel advised the Court that General Kean has been dismissed as a party defendant.

It is further alleged that plaintiff is a citizen and resident of the State of Illinois; that plaintiff is a medical doctor, admitted to the practice of medicine in the State of California; that in 1948, plaintiff registered with Local Board No. 105 at Los Angeles, California, and was placed in classification 3–C as a veteran with over 31 months service in the Army of the United States; that on October 16, 1950, pursuant to law, plaintiff registered for Special Registration No. 1 as a medical doctor; that on September 23, 1952, he received a notice from said Local Board to report for induction on October 30, 1952, and that he was advised by said Local Board and by Major L. F. Schutt, Assistant Adjutant General of the Sixth Army, that he would be afforded an opportunity to state his intention as to whether he would accept a reserve commission in the United States Army Reserve; that plaintiff executed the required applications for such a reserve commission, and on October 31, 1952, was formally notified that by direction of the President he was appointed a First Lieutenant in the Army of the United States effective that date; and that on November 3, 1952 plaintiff executed an oath of office for such a reserve commission.

It is also alleged that in a letter dated November 6, 1952, and signed by said Major Schutt, plaintiff was advised that his appointment as a First Lieutenant in the United States Army Reserve was cancelled; that on December 7, 1952, plaintiff received a notice from said Local Board No. 105 to report for induction in Los Angeles on December 30, 1952; that on plaintiff's request, he was transferred to Transfer Board No. 1 in Chicago, Illinois, and on December 19, 1952 he was ordered by said Transfer Board to report for induction on January 15, 1953. In an amendment to the complaint, plaintiff alleges that on January 10, 1953, he was notified by said Transfer Board to report for induction on January 28, 1953, instead of January 15, 1953.

It is also alleged that plaintiff is not now subject to induction into the Armed Forces except as provided in section 454(i) of the Universal Military Training and Service Act, which provides for the induction of persons qualified in needed medical categories for services as medical doctors; that said Section exempts members of reserve components of the Armed Forces

from induction, so long as they remain members of said reserve components; that the regulations and practices of the United States Army require an individual serving as a doctor of medicine to hold a rank of commissioned officer; that the attempted cancellation of plaintiff's appointment as a First Lieutenant, as aforesaid, was a nullity and of no force and effect, and that under the terms of section 454(i), plaintiff, as a member of a reserve component, is exempt from induction into the Armed Forces; and that the attempted cancellation of plaintiff's appointment, if grounded solely upon plaintiff's exercise of a constitutional privilege in connection with a loyalty oath signed by him at the time he made application for said appointment, constitutes a denial to plaintiff of due process under the Fifth Amendment to the Constitution, and as such is a nullity and of no force or effect.

It is alternatively alleged in the complaint that if the attempted cancellation of plaintiff's appointment is not a nullity, then any attempt to induct plaintiff into the Army of the United States as a private under the terms of section 454(i) is a denial to plaintiff of due process under the Fifth Amendment to the Constitution, and that said section, as applied to plaintiff, a medical doctor not otherwise subject to induction, is arbitrary, capricious, and discriminatory, and therefore unconstitutional.

The complaint asks that this court enter a declaratory judgment declaring the attempted cancellation of plaintiff's appointment as a First Lieutenant in the Officers Reserve Corps to be a nullity and of no force and effect, and that he be declared not liable for registration or induction into the Armed Forces under the terms of section 454(i). In the alternative, the complaint asks that this court declare that the attempted cancellation of plaintiff's appointment as a First Lieutenant, as aforesaid, because of his exercise of a constitutional privilege in connection with a loyalty oath executed by him at the time of application for said appointment, constitutes a denial to plaintiff of due process under the Fifth Amendment to the Con-

stitution, and is, therefore, a nullity, and that plaintiff be declared not liable for registration or induction into the Armed Forces under the terms of section 454(i).

As a second alternative, the complaint asks that the court declare that section 454 (i), as applied to plaintiff, is arbitrary, capricious, and discriminatory, and, therefore, unconstitutional, and that any attempt to induct the plaintiff into the Army of the United States as a private under the terms of said Section constitutes a denial to plaintiff of that due process of law required to be accorded to him under the Fifth Amendment to the Constitution.

Plaintiff also asks the court to enjoin defendant, Paul G. Armstrong, his agents, deputies and assistants, and their successors in office, from seeking to compel the plaintiff to report for induction into the Army as aforesaid, and to further affirmatively command said Paul G. Armstrong, his agents, deputies and assistants, and their successors in office to cancel the Order for Induction heretofore issued to plaintiff.

Plaintiff has requested that a district court of three judges be convened to hear and determine this cause, pursuant to the provisions of section 2282 of the Judicial Code, and has moved for a temporary restraining order, pending a hearing on the merits of his complaint. After oral argument, the matter was taken under advisement by the court.

At the outset, the court is faced with a difficult jurisdictional problem. Section 2201 of the Declaratory Judgment Act provides (in part):

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

The Section thus makes available a separate and distinct remedy to aggrieved persons, and, in that sense, enlarges the jurisdiction of the federal

courts. Clearly, however, the Section was not intended to alter, and cannot alter, the constitutional limits of judicial power. It has long been settled that the federal courts may decide only "actual and adversary" issues, Coffman v. Breeze Corporations, 1945, 323 U.S. 316, 324, 65 S.Ct. 298, 89 L. Ed. 264, or, to use the language of Section 2201, decisions are limited to cases of "actual controversy." The reasons underlying this traditional restriction are ably stated in United Public Workers of America v. Mitchell, 1947, 330 U.S. 75, 89–91, 67 S. Ct. 556, 564, 91 L.Ed. 754:

> "As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite. This is as true of declaratory judgments as any other field. * * *
>
> "The Constitution allots the nation's judicial power to the federal courts. Unless these courts respect the limits of that unique authority, they intrude upon powers vested in the legislative or executive branches. Judicial adherence to the doctrine of the separation of powers preserves the courts for the decision of issues, between litigants, capable of effective determination. * * * When the courts act continually within these constitutionally imposed boundaries of their power, their ability to perform their function as a balance for the people's protection against abuse of power by other branches of government remains unimpaired. Should the courts seek to expand their power so as to bring under their jurisdiction ill defined controversies over constitutional issues, they would become the organ of political theories. Such abuse of judicial power would properly meet rebuke and restriction from other branches."

 It is equally well settled, for substantially the same reasons, that a federal court may not render a judgment which may later be reviewed or altered by an administrative agency. Chicago & South-

ern Air Lines v. Waterman Steamship Corp., 1948, 333 U.S. 103, 113, 68 S.Ct. 431, 92 L.Ed. 568. These doctrines are grounded upon sound considerations of policy, and are basic to our judicial system. Therefore, where, as here, a threat to personal liberty is alleged, these constitutional restrictions upon the court's power must be determined and applied carefully and deliberately.

Plaintiff has not yet been restrained of his liberty. He contends, however, that such a restraint is imminent, and that "an emergency exists requiring the earliest possible consideration and determination" of his cause. Thus far, however, plaintiff has merely been classified by his Local Board and ordered to report for induction on a date certain. It should be noted, first, that the date originally set for induction has been changed since this action was commenced. The date may be changed again. Indeed, plaintiff may never be inducted. Second, plaintiff contends that if inducted, he will not be employed as a medical doctor. However, during oral argument, the Assistant United States Attorney, with the knowledge and consent of the Attorney General and the United States Army, represented to the court that plaintiff, if inducted, will serve as a medical doctor. Third, plaintiff contends that, if inducted, he will serve in the Army as a private, and not as a commissioned officer. Here too, the court must speculate on the occurrence of the alleged wrong. Of course, these allegations, standing alone, are not now and probably will not be determinative of plaintiff's status, and I shall not comment on their merits. They have been enumerated merely to illustrate the hypothetical nature of the complaint.

Moreover, plaintiff has not yet passed completely through the administrative processes leading to induction. As noted above, it is possible that some time before plaintiff is to report for induction, he may be found unfit for service. Plaintiff, therefore, seeks to invoke the jurisdiction of this court prematurely.

This conclusion is not in conflict with Estep v. United States, 1946, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567. Estep had re-

ported at the time and place specified for induction, but had refused to submit to induction. The Supreme Court held that Estep had exhausted his administrative remedies, and therefore, in a criminal prosecution under section 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311, could interpose the defense that his local board had acted beyond its jurisdiction. The distinctions between Estep and the instant case are apparent. First, Estep had in fact appeared at the time and place specified for induction, and, in the words of the Court, "All had been done which could be done." Plaintiff in this suit, on the other hand, may yet be affected by pre-induction decisions made by officials of the Selective Service System or officers of the United States Army. Second, Estep was a criminal case, and, if it were held that the plaintiff had failed to exhaust his administrative remedies, a jurisdictional defense would be unavailable to him then, but available to him in a subsequent habeas corpus proceeding. Speaking for the Court, Mr. Justice Douglas remarked that such a holding would require "sending men to jail today when it was apparent that they would have to be released tomorrow." [66 S.Ct. 428] In this suit for declaratory relief, plaintiff is not faced with prosecution and imprisonment, and it is not certain that he will be inducted. Unlike Estep, plaintiff is not now, and may never be, restrained of his personal liberty.

McGrath v. Kristensen, 1950, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173, cited by plaintiff, is not controlling here, for that case is concerned with, and is limited to a construction of section 19(c) of the Immigration Act, 8 U.S.C.A. § 155(c).

■ It is, therefore, the opinion of this court that the complaint fails to allege an "actual controversy," as that term is used in section 2201 of the Declaratory Judgment Act, and, for that reason, the complaint must be dismissed for want of jurisdiction.

Plaintiff has requested that a district court of three judges be convened to hear and determine this cause, pursuant to section 2282 of the Judicial Code, 28 U.S.C.A. § 2282, which provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

Plaintiff thereby seeks to test the constitutionality of section 454(i) of the Universal Military Training and Service Act.

■ However, as stated in an earlier part of this memorandum, plaintiff has sought his declaratory relief prematurely. This court and all other federal courts are therefore without jurisdiction to hear plaintiff's objections to the statute. Mr. Justice Reed, speaking for the Court in United Public Workers of America v. Mitchell, supra, 330 U.S. at page 89, 67 S.Ct. at page 564, stated succinctly and finally:

"The power of courts, and ultimately of this Court to pass upon the constitutionality of acts of Congress arises only when the interests of litigants require the use of this judicial authority for their protection against actual interference. A hypothetical threat is not enough."

And this court now holds, as it must, that plaintiff in the instant suit has alleged no more than a hypothetical threat. I shall, therefore, not take those steps necessary to convene a district court of three judges in the manner provided in section 2284 of the Judicial Code.

For the reasons stated in this memorandum, plaintiff's motion for a temporary restraining order is hereby denied, and the complaint is hereby dismissed on the motion of the court, without prejudice to the right of the plaintiff to petition a court of competent jurisdiction for a writ of habeas corpus when and if he is restrained of his liberty.

Judgment accordingly.