UNITED STATES of America and the People of the State of Illinois, ex rel. William J. Scott, Attorney General of the State of Illinois, Plaintiffs,

v.

UNITED STATES STEEL CORPORATION, Defendant.

UNITED STATES STEEL CORPORATION, Counter-Plaintiff,

v.

William J. SCOTT, Attorney General of Illinois, et al., Counter-Defendants.

No. 72 C 2503.

United States District Court, N. D. Illinois, E. D.

June 28, 1974.

David R. Sturges, Asst. U. S. Atty., Chicago, Ill., for plaintiff and counter-defendants Train and Mayo.

William J. Scott, Atty. Gen., Joseph V. Karaganis, Harvey M. Sheldon, Chicago, Ill., for People of State of Ill.

Henry L. Pitts, James T. Harrington, Hackbert, Rooks, Pitts, Fullagar and Poust, Chicago, Ill., for defendant and counter-plaintiff.

William J. Scott, Atty. Gen., Chicago, Ill., for Hense, Marder, Odell, Seaman and Briceland, counter-defendants.

## MEMORANDUM ORDER

MARSHALL, District Judge.

This action represents the combined effort of the United States of America and the People of the State of Illinois to remedy alleged injury caused by defendant's effluent discharges into Lake Michigan. The gravamen of the complaint is common law public nuisance. The complaint as it now stands, however is framed in two counts: Count 1 alleges a violation of the common law of the United States, and Count 2 avers that the discharge of refuse matter into Lake Michigan violates Section 407 of Title 33, United States Code. Plaintiffs seek an injunction, mandatory injunction and money damages.

After filing an answer defendant sought and was granted leave to file an additional pleading denominated "Additional Affirmative Defenses and Counterclaim." While denominated as such the pleading conceptually is a counterclaim and will be so treated under Rule 8(c) of the Federal Rules of Civil Procedure. The cause is before me on the motion of both plaintiffs to dismiss the counterclaim.

Defendant alleges *inter alia* that various Illinois and Federal enactments violate the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States as applied. More specifically, defendant complains of: (1) the powers of the Illinois Attorney General with respect to water pollution, Ill.Rev.Stat. ch. 14, §§ 11, 12; (2) the Illinois Environmental Protection Act, as amended, particularly Sections 11, 12 and 13, Ill.Rev.Stat. ch.

111½, §§ 1011, 1012, 1013, and the rules and regulations adopted thereunder; (3) the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1311 et seq., and the rules and regulations adopted and proposed thereunder; and (4) the Rivers and Harbors Act of 1899, 33 U.S.C. § 407. Defendant seeks injunctive and declaratory relief.

■■ Article III of the Constitution defines and limits the jurisdiction of federal courts. In terms relevant to the question for decision in this case, the judicial power of federal courts is restricted to "cases" and "controversies." These amorphisms impart two distinct but complementary, constitutional limitations. On the one hand they define the role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government. Flast v. Cohen, 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). This limitation often is reflected in the pronouncement that courts will not become involved in essentially political questions. On the other hand and as relevant to the present case, these words restrict federal courts to issues presented in an adversary context and in a form viewed historically as susceptible to judicial resolution. United Public Workers of America v. Mitchell, 330 U.S. 75, 90, 67 S.Ct. 556, 91 L.Ed. 754 (1947). This restriction is embodied in the maxim that federal courts do not render advisory opinions. "For adjudication of constitutional issues, 'concrete legal issues, presented in actual cases, not abstractions' are requisite." United Public Workers of America v. Mitchell, *supra*; see also O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674, 682 (1974); Golden v. Zwickler, 394 U.S. 103, 109–10, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). It must be apparent that plaintiff has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged statute or official conduct. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment or injunctive relief. See Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). It is my opinion that the counterclaim of United States Steel fails to allege a controversy as that term is used in Article III of the Constitution and in the Declaratory Judgment Act, 28 U.S.C. § 2201.

■ Under defendant's theory the Federal and Illinois statutes are not unconstitutional on their face. Nor are they unconstitutional if singularly applied to defendant to the exclusion of common law remedies. The statutes become unconstitutional, according to defendant, when inconsistent remedies are applied under the acts and common law. The presentation of this issue for adjudication is premature at this time. Defendant's fear is only conjectural or hypothetical. Conversely, their complained of injury is not real and immediate. Hence, there is no actual case or controversy before me.

■ I recognize that the counterclaim presents issues for determination by a three-judge court. See 28 U.S.C. §§ 2281, 2282; Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 1214 n. 7, 39 L.Ed.2d 505 (1974). The case and controversy requirement of Article III, however, presents a threshold jurisdictional issue which may be determined by a single judge. Lion Manufacturing Corp. v. Kennedy, 117 U.S.App.D.C. 367, 330 F.2d 833 (1964); Permutt v. Armstrong, 112 F.Supp. 247 (N.D.Ill.1953).

The court finds there is no reason for delay and expressly directs the entry of judgment. Accordingly, judgment is entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure dismissing the counterclaim of United States Steel Corporation.