■ In the Matter of HAROLD ROSENBERGER, Appellant, v CYNTHIA B. CASHMAN, Respondent. (And Another Related Proceeding.) [752 NYS2d 911] —Carpinello, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered April 4, 2002, which, inter alia, granted petitioner's applications, in two proceedings pursuant to Family Court Act article 4, for an upward modification of child support.

Following a hearing, a Hearing Examiner ordered petitioner to pay a modest increase in his weekly child support obligation for the parties' three daughters. On this appeal from Family Court's affirmance thereof, petitioner, who is pro se, makes one essential argument, namely, that all judges in this state should be disqualified from presiding over child support cases. In petitioner's view, a system-wide conflict of interest was created with the passage of federal legislation in 1998 reforming incentive payments to states for effective child support collection and enforcement. Because judges are compensated with state funds, petitioner's argument goes, all judges have a pecuniary interest in the outcome of child support cases and thus should be disqualified. Charitably stated, this argument is unpersuasive. As no other issue has been specifically raised, and finding no abuse of discretion in the upward modification of child support in any event, we affirm.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.