Clevon Jamel JENKINS,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

Docket No. 03–6160.

United States Court of Appeals,
Second Circuit.

Argued: June 8, 2004.

Decided: Oct. 15, 2004.

Robert M. Kelly, White & Case LLP, New York, New York for Appellant.

Peter A. Norling, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, and David C. James, Assistant United States Attorney for the Eastern District of New York, on the brief) for Appellee.

Before: WINTER, JACOBS and STRAUB, Circuit Judges.

JACOBS, Circuit Judge.

Clevon Jamel Jenkins ("Jenkins") appeals from a decision of the United States District Court for the Eastern District of New York (Garaufis, *J.*), dismissing his declaratory judgment action for lack of standing. Jenkins is serving a life sentence following his 1995 convictions for murder and robbery in a Georgia state court. His 1998 habeas petition, filed in the United States District Court for Southern District of Georgia, was denied. *Jenkins v. Byrd*, 103 F.Supp.2d 1350, 1382 (S.D.Ga.2000), *aff'd*, 273 F.3d 397 (11th Cir.2001), *cert. denied*, 535 U.S. 1104, 122 S.Ct. 2309, 152 L.Ed.2d 1064 (2002). The present declaratory judgment action was commenced in 2001 in the Eastern District of New York, where Jenkins resided prior to his arrest in 1993, and seeks a declaration that certain provisions of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") unconstitutionally constrict the avenues of habeas relief. The district court dismissed the complaint for want of standing on the ground that the relief sought was unlikely to redress Jenkins' alleged inability to obtain "meaningful" habeas review. We affirm.

## BACKGROUND

In September 1995, Jenkins was convicted, following a jury trial, of felony murder and armed robbery in the shooting death of a convenience store clerk in Riceboro, Georgia, and was sentenced to life without possibility of parole. *Jenkins v. State*, 268 Ga. 468, 491 S.E.2d 54, 56 & n. 1 (1997). The Supreme Court of Georgia affirmed, *id.* at 56–60, and a petition for certiorari was denied, *Jenkins v. Georgia*, 523 U.S. 1029, 118 S.Ct. 1318, 140 L.Ed.2d 481 (1998). In July 1998, he filed a § 2254 habeas petition in the Southern District of Georgia, which was denied in a detailed, 30–page opinion. *Jenkins*, 103 F.Supp.2d at 1358–82. The Eleventh Circuit issued a "Certificate of Appealability" ("COA") limited to Jenkins' ineffective assistance claim,[*] and affirmed. *Jenkins v. Byrd*, 273 F.3d 397 (11th Cir.2001).

The present declaratory judgment action was filed in the Eastern District of New York in mid-March 2001, shortly after the Eleventh Circuit issued a COA in Jenkins' contemporaneous § 2254 proceedings. According to the complaint:

As a result of the actions of the District Court [of the Southern District of Georgia] and the [Eleventh Circuit] Court of Appeals, plaintiff has been deprived by defendant of his constitutional rights to petition for habeas corpus relief and to appeal.

The complaint alleges that § 2253(c) is unconstitutional on its face, and that §§ 2253(c) and 2254(d) are unconstitutional as applied to Jenkins by the courts of the Eleventh Circuit. The district court dismissed on the ground that "[a]n actual controversy does not exist ... because it is

---

[*] On the advice of counsel, Jenkins did not testify on his own behalf at his murder trial. The COA was limited to the specific question of whether that advice rendered Jenkins' counsel constitutionally ineffective.

not likely that a decision in plaintiff's favor will provide him with the relief he seeks." This appeal followed.

## DISCUSSION

■ Jenkins' cause of action arises (if at all) under the Declaratory Judgment Act, which provides that:

In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). The appropriateness of declaratory relief is "peculiarly within the[ ] grasp" of the district courts, and the reach of that grasp is normally reviewed for abuse of discretion. *Wilton v. Seven Falls, Co.*, 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Both Jenkins and the government acknowledge, however, that our standard of review is unsettled when a declaratory judgment action is dismissed for lack of standing. We have suggested that *de novo* review may be appropriate in such cases, *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir.2001), and the parties accept that standard. Although it is possible that the standard of review may depend upon the analysis employed to decide the issue, we need not resolve this question, as Jenkins' claim fails whether we accord the district court maximum deference, or none.

■ We have recently reviewed the parameters of Article III's standing requirement:

Article III, § 2 of the United States Constitution restricts federal courts to deciding "Cases" and "Controversies" and thus imposes what the Supreme Court has described as the "irreducible constitutional minimum of standing,"—injury-in-fact, causation, and redressability. To establish Article III standing, a plaintiff must therefore allege, and ultimately prove, that he has suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and *which is likely to be redressed by the requested relief.*

*Baur v. Veneman*, 352 F.3d 625, 631–32 (2d Cir.2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)) (emphasis added). These jurisdictional prerequisites "serve to effectively narrow the types of cases which may be adjudicated." *Baur*, 352 F.3d at 636. Federal district courts have discretion, in appropriate circumstances, to grant declaratory relief; but "a mere demand for [such] relief does not by itself establish a case or controversy necessary to confer subject matter jurisdiction." *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch., Inc.*, 24 F.3d 427, 431 (2d Cir.1994). Declaratory judgment actions—particularly those seeking pronouncements on habeas corpus—raise special standing concerns. *See, e.g., Calderon v. Ashmus*, 523 U.S. 740, 747, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) ("The disruptive effects of [a declaratory] action . . . are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding."); *see generally Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 243–46, 73 S.Ct. 236, 97 L.Ed. 291 (1952); *Coffman v. Breeze Corps.*, 323 U.S. 316, 322–25, 65 S.Ct. 298, 89 L.Ed. 264 (1945).

■ Federal courts are not reluctant to grant declaratory relief, but "must be alert to avoid imposition upon their jurisdiction through obtaining futile or premature interventions, . . . [particularly] where a ruling is sought that would reach far beyond the particular case." *Wycoff*, 344 U.S. at 243, 73 S.Ct. 236. "The disagreement

must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Id.* at 244, 73 S.Ct. 236. Where the relief sought "would not resolve the entire case or controversy as to any [party] ..., but would merely determine a collateral legal issue governing certain aspects of ... pending or future suits," *Calderon,* 523 U.S. at 747, 118 S.Ct. 1694, a declaratory judgment action falls "outside the constitutional definition of a 'case' in Article III," *id.* at 746, 118 S.Ct. 1694.

Our precedents respect these limitations. *See S. Jackson & Son,* 24 F.3d at 431 (quoting *Browning Debenture Holders' Comm. v. DASA Corp.,* 524 F.2d 811, 817 (2d Cir.1975) ("[W]here 'the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed.' ")).

Jenkins is of the view that habeas relief has been rendered ineffective by limitations imposed by AEDPA, which (*inter alia*) "revis[ed] the standards used for evaluating the merits of a habeas application," *see Woodford v. Garceau,* 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003) (discussing 28 U.S.C. § 2254(d)); and predicates appellate review of a habeas order "aris[ing] out of process issued by a State court" on a Circuit court's issuance of a certificate of appealability, *see Slack v. McDaniel,* 529 U.S. 473, 480–81, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (discussing 28 U.S.C. § 2253(c)). He argues that those limitations are unconstitutional; and he demands that we so declare. Jenkins claims standing to seek this relief in the Eastern District of New York because a declaration that §§ 2253(c) and 2254(d) are unconstitutional will promote the effective-

ness of his bid for habeas relief in the courts of the Eleventh Circuit. The district court disagreed, and so do we.

■ The real dispute here is between Jenkins and his custodian—whoever that may be in the Georgia state prison system. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall ... name the person who has custody over [petitioner] and by virtue of what claim or authority ...."). The declaration Jenkins seeks will not secure him "effective" habeas review; that can be had only in a habeas proceeding, *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), where Jenkins is free to raise any challenge to his imprisonment that the statutes governing such proceedings permit. Indeed, Jenkins made an (unsuccessful) facial challenge to the constitutionality of § 2254(d) in his initial habeas petition. *See Jenkins,* 103 F.Supp.2d at 1382. It is not clear why he did not raise then the constitutional issues he asks us to decide now; but any favorable decision Jenkins received here could determine no more than "a collateral legal issue governing certain aspects of [a] pending or future [habeas] suit," *Calderon,* 523 U.S. at 747, 118 S.Ct. 1694, and in this case, would determine considerably less than that.

■ Because Jenkins must bring any future habeas petition (successive or otherwise) in Georgia, 28 U.S.C. § 2241(d), a declaration of the Eastern District of New York or of this Court would not "govern" those proceedings, or have any binding or authoritative effect. The district courts of Georgia are bound to apply Eleventh Circuit law, as would the Circuit court itself. "The proposed decree can not end the controversy," *Wycoff,* 344 U.S. at 246, 73 S.Ct. 236; it would be mere commentary on the validity of a statutory scheme that will govern a habeas proceeding in another

jurisdiction.** The courts of this Circuit are without jurisdiction to grant such relief. *See Calderon,* 523 U.S. 747, 118 S.Ct. 1694; *S. Jackson & Son,* 24 F.3d at 431–32.

## CONCLUSION

For the forgoing reasons, the judgment of the district court is affirmed.

---

** Jenkins' dispute here is with the State of Georgia, which is holding him in jail. One reason Jenkins' claim is non-redressable is that the United States cannot release him. Though the United States has litigated this suit, the United States and Jenkins are not the adverse parties in this dispute, with no case or controversy for Article III purposes. "[T]o achieve the status of a case or controversy, a dispute must exist between two parties having adverse legal interests." *S. Jackson & Son,* 24 F.3d at 431.