**Harold L. ROSENBERGER,**
**Plaintiff–Appellant,**

v.

**George E. PATAKI, in his official capacity as governor of the State of New York, Marianne O. Mizel, and Cynthia B. Cashman, Defendants–Appellees.**

No. 04–0312.

United States Court of Appeals,
Second Circuit.

Jan. 11, 2005.

Harold L. Rosenberger, Highland, NY, for Appellant, pro se.

Julie Loughran, Assistant Solicitor General (Michelle Aronowitz, Deputy Solicitor General), New York, NY, for Amicus Curiae Eliot Spitzer, Attorney General of the State of New York, of counsel.

PRESENT: WINTER, SOTOMAYOR, and B.D. PARKER, Circuit Judges.

*SUMMARY ORDER*

Harold L. Rosenberger ("Rosenberger"), *pro se*, appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(1) of his amended complaint. The complaint seeks a declaratory judgment under 28 U.S.C. § 2201 of the unconstitutionality of sections 70(a) and 240(1)(a) of the New York Domestic Relations Law, and names as defendants the State of New York ("the State"), the Ulster County Family Court ("the Family Court"), and his ex-wife, Cynthia B. Cashman ("Cashman"). Rosenberger also appeals the denial of his post-judgment motion for reconsideration. We assume the parties' familiarity with the facts and procedural history of this case. On this appeal, Rosenberger concedes that the State and Family Court are entitled to Eleventh Amendment immunity and are not proper defendants in this action. As against Cashman, he asserts (1) that the district court improperly dismissed his amended complaint and denied his motion for reconsideration because he stated a case or controversy within the meaning of Article

III of the United States Constitution, and (2) that the *Rooker–Feldman* doctrine does not bar his claims because he stated a general constitutional challenge to the laws in question, and did not ask the district court to review, modify, or pass on the validity of the custody decision of the state court. We reject the first argument and do not address the second.

We review *de novo* the district court's dismissal under Rule 12(b)(1). *See Scherer v. Equitable Life Assurance Soc'y,* 347 F.3d 394, 397 (2d Cir.2003). We review the denial of a motion for reconsideration for abuse of discretion. *See Harris v. Kuhlmann,* 346 F.3d 330, 348 (2d Cir. 2003). The declaratory judgment statute does not expand the Article III jurisdiction of the federal courts; "[a] federal court cannot pronounce any statute, either of a state or of the United States, void, because irreconcilable with the [C]onstitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies." *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (internal quotation marks and citation omitted); *see also Jenkins v. United States,* 386 F.3d 415, 417 (2d Cir.2004) ("[A] mere demand for [declaratory] relief does not by itself establish a case or controversy necessary to confer subject matter jurisdiction." (internal quotation marks omitted)). Rosenberger has failed to plead an actual controversy sufficient to support jurisdiction under Article III. *See generally Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Accepting all of the complaint's allegations as true, and given that Rosenberger avowedly does not seek in any way to challenge or modify the custody status of his children, there is no actual, present controversy between Rosenberger and Cashman that the requested declaration could possibly redress. *Cf. Jenkins,* 386 F.3d at 418 (dismissing for lack of jurisdiction a request for a declaratory judgment where "[t]he proposed decree can[not] end [a] controversy" but would be "mere commentary on the validity of a statutory scheme" (internal quotation marks and citation omitted)).

For the reasons stated, we affirm the judgment of the district court and its denial of the motion to reconsider.