Harold L. ROSENBERGER,
Plaintiff–Appellant,

v.

NEW YORK STATE OFFICE OF TEM-
PORARY AND DISABILITY ASSIS-
TANCE, Robert Doar, Commissioner,
Office of Temporary and Disability
Assistance, in his official capacity, Ul-
ster County Family Court, Defen-
dants–Appellees.

Docket No. 05–0592.

United States Court of Appeals,
Second Circuit.

Sept. 21, 2005.

Harold L. Rosenberger, Highland, New York, for Appellant, pro se.

Julie Loughran, Assistant Solicitor General (Michelle Aronowitz, Deputy Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York, New York, New York, for Appellees.

Present: MINER, RAGGI, Circuit Judges, and KARAS, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment of dismissal, dated December 20, 2004, and entered on December 21, 2004, is hereby AFFIRMED.

Plaintiff-appellant Harold L. Rosenberger, whose wages are presently being garnished to satisfy a New York state court judgment ordering him to pay child support, *see Rosenberger v. Cashman,* 301 A.D.2d 717, 752 N.Y.S.2d 911 (3d Dep't), *aff'd* 99 N.Y.2d 651, 760 N.Y.S.2d 103, 790 N.E.2d 277 (2003), filed this lawsuit in federal court for a judgment declaring unconstitutional the New York statutes authorizing the support judgment, *see* N.Y. Fam. Ct. Act § 413; N.Y. Dom. Rel. Law § 240. He now appeals the district court's dismissal of the action for lack of subject matter jurisdiction pursuant to *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (the *"Rooker–Feldman* doctrine").

We review *de novo* a district court's dismissal of a complaint on jurisdictional grounds. *See Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 79–80 (2d Cir.2005). In considering Rosenberger's challenge, we are mindful that the district court ruled without the benefit of the Supreme Court's recent clarification of the scope of the *Rooker–Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* —— U.S. ——, 125 S.Ct. 1517, 1527, 161 L.Ed.2d 454 (2005), and of our application of *Exxon Mobil* in *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77 (2d Cir.2005). No matter. We can affirm dismissal on any basis for which there is sufficient support in the record, including grounds not relied on by the district court. *See, e.g., EEOC v. J.B. Hunt Transp., Inc.,* 321 F.3d 69, 73–74 (2d Cir.2003). We assume the parties' familiarity with the record, which we reference only as necessary to explain our decision to affirm.

### 1. *The Institutional Defendants*

■ The New York State Office of Temporary and Disability Assistance and the Ulster County Family Court assert that, without regard to *Rooker–Feldman,* a jurisdictional dismissal in their favor was required by the Eleventh Amendment. *See* U.S. Const., amend. XI. That Amendment "render[s] states and their agencies immune from suits brought by private parties in federal court," *In re Charter Oak Assocs.,* 361 F.3d 760, 765 (2d Cir.2004), regardless of "whether the relief sought is legal or equitable," *Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Rosenberger concedes this immunity, as he must given the lack of any state waiver of immunity or unequivocal abrogation by Congress. *See In re Charter Oak Assocs.,* 361 F.3d at 765. Accordingly, we affirm the judgment of dismissal as against these defendants on Eleventh Amendment grounds.

### 2. *Robert Doar*

■ The Eleventh Amendment does not bar Rosenberger's declaratory judgment action against Robert Doar, who is sued in his official capacity as Commissioner of the State Office of Temporary and Disability Assistance. *See Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Santiago v. New York State Dep't of Corr. Servs.,* 945 F.2d 25, 32 (2d Cir.1991). Whether a jurisdictional dismissal in Doar's favor is nevertheless required by *Rooker–Feldman* admits no easy answer. Rosenberger cannot avoid that doctrine "simply by clever pleading—by alleging

that actions taken pursuant to a court order violate his rights without ever challenging the order itself." *Hoblock v. Albany County Bd. of Elections,* 422 F.3d at 87–88. On the other hand, Doar arguably cannot invoke the doctrine without showing that he is in privity with Rosenberger's party opponent in the state court action. *Id.* at 89 (holding that "the parties in the state and federal suits must be the same" to apply *Rooker–Feldman*). We need not resolve these issues, however, because the record reveals another ground that compels dismissal: Rosenberger lacks standing to pursue the declaratory relief demanded.[2]

It is beyond question that "[a] federal court cannot pronounce any statute, either of a state or of the United States, void, because irreconcilable with the Constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies." *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (internal quotation marks and citations omitted); *see also Jenkins v. United States,* 386 F.3d 415, 417 (2d Cir.2004) ("[A] mere demand for [declaratory] relief does not by itself establish a case or controversy necessary to confer subject matter jurisdiction.") (internal quotation marks omitted). Article III of the Constitution requires, at an "irreducible constitutional minimum," that a plaintiff "allege, and ultimately prove, that he has suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be redressed by the requested relief." *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Moreover, a plaintiff must demonstrate

such "standing for each claim and form of relief sought." *Baur v. Veneman,* 352 F.3d 625, 642 n. 15 (2d Cir.2003).

In this case, the injury Rosenberger asserts is the garnishment of his wages to satisfy a child support judgment entered pursuant to purportedly unconstitutional New York laws. Rosenberger asserts that a declaratory judgment in his favor "will prevent the enforcement of the statute against [him]." Appellant's Br. at 8. But, in challenging the *Rooker–Feldman* dismissal, he clarifies that he seeks only prospective relief "aimed at creating new laws and procedures which would *subsequently* be used by the New York State family courts to determine child support." *Id.* at 12 (emphasis added). He emphasizes that, if he were to secure the relief he seeks in this action, "the impact on the Appellant's current state court judgment would be nil." *Id.* Taking Rosenberger at his word, we conclude that the relief he seeks cannot redress his alleged present injury because, as long as the state court judgment stands, it may be enforced, whether by garnishment or such other means as state law provides. Rosenberger has not shown that he will likely find himself in future child support litigation under the challenged statutes that could expose him to a different judgment and further enforcement measures by Doar. *See Lee v. Board of Governors,* 118 F.3d 905, 912 (2d Cir. 1997) ("With respect to future injury, the Court has held that the prospect of such harm must be 'certainly impending' and 'real and immediate' ... [to] support a finding of the 'actual or imminent' injury that the Court's [standing] cases require.") (internal alterations and citations omitted).

**2.** We note this court's recent affirmance, *inter alia* on standing grounds, of the dismissal of another of Rosenberger's declaratory judgment challenges to the New York laws supporting a state court judgment with respect to

the custody of his children. *See Rosenberger v. Pataki,* 117 Fed.Appx. 796 (2d Cir.2005) (affirming the dismissal of a challenge to the constitutionality of N.Y. Dom. Rel. Law §§ 70(a), 240(1)(a)).

Because Rosenberger's declaratory judgment action presents no present case or controversy, the case was properly dismissed for lack of subject matter jurisdiction.

The district court's judgment of dismissal, entered December 21, 2004, is hereby AFFIRMED.