10-3362-pr
Wiggins v. Justices of the Supreme Court

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

PRESENT:
　　　　　PIERRE N. LEVAL,
　　　　　ROBERT A. KATZMANN,
　　　　　PETER W. HALL,
　　　　　　　　　*Circuit Judges.*

―――――――――――――――――――――――――――――

Milton Wiggins,

　　　　　*Plaintiff-Appellant*,

　　　　　　　　　v.　　　　　　　　　　　　　　　　　10-3362-pr

Justices of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, individually and in their official capacities,

　　　　　*Defendants-Appellee*s.[*]

―――――――――――――――――――――――――――――

―――――――――――――

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:          Milton Wiggins, *pro se*, Stormville, NY.

FOR APPELLEES:          No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Milton Wiggins, proceeding *pro se*, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint *sua sponte* for lack of subject matter jurisdiction and because the court found the claim to be frivolous. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, Wiggins argues that the district court erred in dismissing his complaint as frivolous without setting forth the factual or legal basis to support its conclusion, and in concluding that the court lacked jurisdiction. We affirm on the basis that Wiggins lacks Article III standing, with the consequence that the court lacks subject matter jurisdiction over his claims.

In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 130 S. Ct. 2869 (2010). Dismissal of a case for lack of subject matter jurisdiction is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Here, the district court correctly determined that it lacked subject matter jurisdiction over Wiggins's case.

2

"Article III, Section 2 of the Constitution restricts federal courts to deciding 'Cases' and 'Controversies' and thus imposes what the Supreme Court has described as the 'irreducible constitutional minimum of standing,' — injury-in-fact, causation, and redressability." *Jenkins v. United States,* 386 F.3d 415, 417 (2d Cir. 2004) (quoting *Baur v Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003)).  Therefore, to meet the requirements of Article III standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751 (1984).  The injury alleged must be "concrete in nature and particularized to [the plaintiff]." *In re U.S. Catholic Conference*, 885 F.2d 1020, 1023-24 (2d Cir. 1989).  In determining standing, the Court's focus is on "the party seeking to invoke federal jurisdiction, rather than the justiciability of the issue at stake in the litigation." *Fulani v. Bentsen*, 35 F.3d 49, 51 (2d Cir. 1994).  "[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Id.* (quoting *Allen*, 468 U.S. at 754); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) ("[A] plaintiff raising only a generally available grievance about government — claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large — does not state an Article III case or controversy." (internal quotation mark omitted)).

Wiggins's complaint contains no suggestion that he has suffered or is likely to suffer any concrete or particularized harm stemming from the Second Department's alleged practice of denying defendants in criminal cases a full and fair review on appeal.  To the extent that Wiggins attempts to rely on the assertion of harm arising from his desire as a citizen that the government act in accordance with the Constitution, the Supreme Court has repeatedly held that such

3

assertions of generalized injury are insufficient to establish standing. *See, e.g.*, *Lance*, 549 U.S. at 439. Moreover, while Wiggins's complaint indicates that he is in the process of investigating his criminal conviction for statutory or constitutional grounds on which it could be overturned, and that he is therefore likely to "confront" the Second Department's allegedly unconstitutional practice, "[a] future injury or threat of injury does not confer standing if it is 'conjectural or hypothetical' and not 'real and immediate.'" *Amnesty Int'l USA v. Clapper*, — F.3d —, 2011 WL 941524, at *12 (2d Cir. Mar. 21, 2011) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). Wiggins's asserted threat of future injury — that he might find a ground for overturning his criminal conviction, and that the Second Department then might deprive him of a full and fair review of his hypothetical claim — is attenuated and speculative, and is therefore insufficient to satisfy the standing requirements of Article III.

Because the district court lacked subject matter jurisdiction and was therefore precluded from making a determination on the merits of the case, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-85 (1999), we need not address the district court's finding that Wiggins's claim was frivolous. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4